# EXHIBIT 1

# ALABAMA SJIS CASE DETAIL


alacourt.com

County: **03**    Case Number: **CV-2025-900646.00**    Court Action:
Style: **ROGER S. TRUITT V. NEWREZ LLC ET AL**

**PREPARED FOR: JOSEPH RONDEROS**
**6/5/2025 4:34:05 PM**

`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **03-MONTGOMERY** | Case Number: **CV-2025-900646.00** | Judge: **JRG:J. R. GAINES** |
| Style: **ROGER S. TRUITT V. NEWREZ LLC ET AL** | | |
| Filed: **04/30/2025** | Case Status: **ACTIVE** | Case Type: **NEGLIGENCE-GENERAL** |
| Trial Type: **BENCH** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **3** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **05/29/2025** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - TRUITT ROGER S.

#### Party Information

| | | |
|---|---|---|
| Party: **C001-Plaintiff** | Name: **TRUITT ROGER S.** | Type: **I-INDIVIDUAL** |
| Index: **D NEWREZ LLC** | Alt Name: | Hardship: **No**    JID: **JRG** |
| Address 1: **5005 SUNSET CIRCLE** | | Phone: **(334) 000-0000** |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | | | | | | |
| City: | **PINSON** | State: | **AL** | Zip: | **35126-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **M** | Race: |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LAY002 | | LAY KENNETH JAMES | KENNETH.J.LAY@GMAIL.COM | (205) 776-2051 |

## Party 2 - Defendant BUSINESS - NEWREZ LLC

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **NEWREZ LLC** | | Type: | **B-BUSINESS** |
| Index: | **C TRUITT ROGER** | Alt Name: | | Hardship: **No** | JID: | **JRG** |
| Address 1: | **C/O CORPORATION SERVICE** | | | Phone: **(334) 000-0000** | | |
| Address 2: | **641 SOUTH LAWRENCE STREET** | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **04/30/2025** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **05/06/2025** | Service Type **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | MCG044 | | MCGUIRE JOSEPH MITCHELL | JMCGUIRE@MANDABUSINESSLAW.COM | (334) 517-1000 |

## Party 3 - Defendant BUSINESS - SHELLPOINT MORTGAGE SERVICING

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D002-Defendant** | Name: | **SHELLPOINT MORTGAGE SERVICING** | Type: | **B-BUSINESS** |
| Index: | **C TRUITT ROGER** | Alt Name: | | Hardship: **No** | JID: | **JRG** |
| Address 1: | **75 BEATTIE PLACE** | | | Phone: | **(334) 000-0000** |
| Address 2: | **SUITE 300** | | | | |
| City: | **GREENVILLE** | State: | **SC** | Zip: **29601-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **04/30/2025** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | **05/09/2025** | Service Type **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | MCG044 | | MCGUIRE JOSEPH MITCHELL | JMCGUIRE@ MANDABUSINESSLAW.COM | (334) 517-1000 |

### *Party 4 - Defendant INDIVIDUAL - HARRIS STEPHINE*

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D003-Defendant** | Name: | **HARRIS STEPHINE** | Type: | **I-INDIVIDUAL** |
| Index: | **C TRUITT ROGER** | Alt Name: | | Hardship: **No** | JID: | **JRG** |
| Address 1: | **C/O ALABAMA DEPT REVENUE** | | | Phone: | **(334) 000-0000** |
| Address 2: | **2545 TAYLOR ROAD** | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: **36117-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **04/30/2025** | Issued Type: **S-SHERIFF** | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | | Service Type | Service On: | Notice of No Answer: Served By: | |
| Answer: | **05/29/2025** | Answer Type: **D-COMPLAINT DENIED** | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC - CERT- AOC | C001 | | $20.68 | $20.68 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | C001 | | $18.67 | $18.67 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $301.00 | $301.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SERA - SER ADD | C001 | | $10.00 | $10.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SERV - DOC SVC FEE | C001 | | $90.00 | $90.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $485.35 | $485.35 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/30/2025 | RECEIPT | AOCC - CERT- AOC | 2025149 | 42184500 | $20.68 | C001 | 000 | Credit Card | N | | | HEE |
| 04/30/2025 | CREDIT | CONV - CONV FEE | 2025149 | 42184600 | $18.67 | C001 | 000 | Cash | N | | | HEE |
| 04/30/2025 | RECEIPT | CV05 - CV OVER $50K | 2025149 | 42184700 | $301.00 | C001 | 000 | Credit Card | N | | | HEE |
| 04/30/2025 | RECEIPT | SERA - SER ADD | 2025149 | 42184800 | $10.00 | C001 | 000 | Credit Card | N | | | HEE |
| 04/30/2025 | RECEIPT | SERV - DOC SVC FEE | 2025149 | 42184900 | $90.00 | C001 | 000 | Credit Card | N | | | HEE |
| 04/30/2025 | RECEIPT | VADM - VADM FEE | 2025149 | 42185000 | $45.00 | C001 | 000 | Credit Card | N | | | HEE |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/30/2025 | 4:05 PM | ECOMP | COMPLAINT E-FILED. | LAY002 |
| 4/30/2025 | 4:05 PM | FILE | FILED THIS DATE: 04/30/2025          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | ASSJ | ASSIGNED TO JUDGE: JR GAINES          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | C001 | C001 PARTY ADDED: TRUITT ROGER S.          (AV01) | AJA |
| 4/30/2025 | 4:05 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | C001 | LISTED AS ATTORNEY FOR C001: LAY KENNETH JAMES | AJA |
| 4/30/2025 | 4:05 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D001 | D001 PARTY ADDED: NEWREZ LLC          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D001 | CERTIFIED MAI ISSUED: 04/30/2025 TO D001   (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/30/2025 | 4:05 PM | D002 | D002 PARTY ADDED: SHELLPOINT MORTGAGE SERVICING | AJA |
| 4/30/2025 | 4:06 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |

| 4/30/2025 | 4:06 PM | D002 | CERTIFIED MAIL ISSUED: 04/30/2025 TO D002   (AV02) | AJA |
|---|---|---|---|---|
| 4/30/2025 | 4:06 PM | D002 | D002 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D003 | D003 PARTY ADDED: HARRIS STEPHINE   (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D003 | INDIGENT FLAG SET TO: N   (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE   (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D003 | SHERIFF ISSUED: 04/30/2025 TO D003   (AV02) | AJA |
| 4/30/2025 | 4:06 PM | D003 | D003 E-ORDER FLAG SET TO "Y"   (AV02) | AJA |
| 5/6/2025 | 6:26 PM | D001 | SERVICE OF CERTIFIED MAI ON 05/06/2025 FOR D001 | AJA |
| 5/6/2025 | 6:26 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | |
| 5/9/2025 | 12:33 PM | D002 | SERVICE OF CERTIFIED MAI ON 05/09/2025 FOR D002 | AJA |
| 5/9/2025 | 12:34 PM | ESERC | SERVICE RETURN - D002 - COMPLAINT | |
| 5/19/2025 | 1:47 PM | D001 | LISTED AS ATTORNEY FOR D001: MCGUIRE JOSEPH MITCH | AJA |
| 5/19/2025 | 1:47 PM | D002 | LISTED AS ATTORNEY FOR D002: MCGUIRE JOSEPH MITCH | AJA |
| 5/19/2025 | 1:47 PM | D003 | LISTED AS ATTORNEY FOR D003: MCGUIRE JOSEPH MITCH | AJA |
| 5/19/2025 | 1:47 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | MCG044 |
| 5/29/2025 | 8:58 AM | EANSW | D003 - COMPLAINT DENIED E-FILED. | MCG044 |
| 5/29/2025 | 8:59 AM | D003 | ANSWER OF COMP DENIED ON 05/29/2025 FOR D003(AV02) | AJA |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 4/30/2025 4:05:04 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 4/30/2025 4:05:05 PM | 2 | COMPLAINT | | 25 |
| 4/30/2025 4:06:33 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 4/30/2025 4:06:34 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 3 |
| 5/6/2025 6:27:01 PM | 5 | SERVICE RETURN | SERVICE RETURN - D001 - COMPLAINT | 1 |
| 5/6/2025 6:27:06 PM | 6 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 5/9/2025 12:34:24 PM | 7 | SERVICE RETURN | SERVICE RETURN - D002 - COMPLAINT | 1 |
| 5/9/2025 12:34:40 PM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 5/19/2025 1:47:43 PM | 9 | NOTICE OF APPEARANCE | Notice of Appearance | 2 |
| 5/19/2025 1:47:48 PM | 10 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 5 |
| 5/29/2025 8:58:52 AM | 11 | ANSWER | Answer to Complaint | 18 |
| 5/29/2025 8:58:55 AM | 12 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

   **END OF THE REPORT**

ELECTRONICALLY FILED
4/30/2025 4:05 PM
03-CV-2025-900646.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>03<br>Date of Filing:<br>04/30/2025 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROGER S. TRUITT v. NEWREZ LLC ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual          **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                                  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:    F** ☑ **INITIAL FILING**        **A** ☐  **APPEAL FROM**        **O** ☐ **OTHER**
                                                    **DISTRICT COURT**

            **R** ☐ **REMANDED**            **T** ☐ **TRANSFERRED FROM**
                                                    **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

_____LAY002_____          _____4/30/2025 4:05:03 PM_____          _____/s/ Law offices Kenneth Lay_____
                                    Date                                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES ☐ NO

ELECTRONICALLY FILED
4/30/2025 4:05 PM
03-CV-2025-900646.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

| | |
|---|---|
| **ROGER  S.  TRUITT,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO.:** |
| | )      **CV-2025-** |
| **NEWREZ LLC,** | ) |
| **SHELLPOINT MORTGAGE** | ) |
| **SERVICING,** | ) |
| **STEPHANIE HARRIS,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT

Comes now, ROGER S. TRUITT, by and through his attorney of record, Kenneth J. Lay, and files his complaint against Defendants, NEWREZ LLC., Shellpoint Mortgage Servicing, and Stephanie Harris, a notary,  in accordance with the Alabama Rules of Civil Procedure and in support of said complaint states as follows:

### PARTIES

1.   The Plaintiff, **Roger S.  Truitt** in this action is an adult resident of Montgomery, Alabama, and is a "consumer" and/or a person affected by a violation of the FDCPA.

2.   The Defendant, **NEWREZ LLC.**, a mortgage loan servicing company is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

3.      The Defendant, **Shellpoint Mortgage Servicing**, a mortgage loan servicing company is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4.      The Defendant, **Stephanie Harris** is a licensed and bonded Notary Public for the State Alabama who resides in Montgomery County Alabama.   She works for the State of Alabama Department of Revenue located at 2545 Taylor Road Montgomery Alabama 36117.

## JURISDICTION

5.      Jurisdiction is proper in this Court pursuant to Alabama law.  Plaintiff's complaint seeks enforcement and remedies pursuant to Alabama and federal statutes.    The underlying action is based upon a contract executed in Montgomery County, Alabama. The action is brought regarding an attempted foreclosure instituted in Montgomery County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Defendants with respect to their servicing, attempted foreclosure on the loan in question, and other illegal or improper acts.

## VENUE

6.      Venue is proper in this Court as the action was properly removed to this Court from the Circuit Court of Montgomery County Alabama. Plaintiff is a citizen of Montgomery County, all or substantially all of the wrongs complained of occurred in this district, and the property is situated in this district.

## STATEMENT OF FACTS

7.   Roger  Truitt owns the property located at 6511 Yoder Court Montgomery, Alabama 36117.   On May 29, 2009, Roger Truitt and his now deceased

wife Latoya R. Truitt received a loan New South Federal Savings Bank. and executed a mortgage with Mortgage Electronic Registration Systems Inc. (MERS) as nominee for New South Federal Savings Bank. The property is located in Montgomery County Alabama.

8. Truitt currently resides in Jefferson County Alabama at 5005 Sunset Circle in Pinson Alabama 35126.

9. On or about June 15, 2024, Defendants improperly and wrongfully began foreclosure proceedings on Truitt's property. Despite Truitt sending a letter pursuant to the Fair Debt Collection Practices Act to the foreclosing Attorney disputing the debt and contesting the foreclosure sale, the Defendants and their attorneys elected to proceed with the sale. A QWR and a notice of error was also sent to the Defendants and their attorneys. The Defendants elected to go forward with the foreclosure sale despite their failure to properly responding to the FDCPA dispute letter, the notice of error, and the QWR. This complaint was filed to attempt to stop said sale.

10. The Law firm of ALDRIDGE PITE, LLP Six Piedmont Center 3525 Piedmont Road, N.E., Suite 700 Atlanta, GA 30305 handled the attempted foreclosure sale.

11. The Defendant purportedly began the latest foreclosure proceedings on Plaintiff's property on or about June 15, 2024, despite knowing that the Plaintiff, Truitt, claimed that the attempted foreclosure sale was wrongful and invalid, and that he was not in default as his account was current at the time of the acceleration.

12. The foreclosure sale date which included false information related to the alleged default on the indebtedness was published in the newspaper, The Montgomery Advertiser Alabama in June and July 2024. Truitt was not in default on his loan, and the acceleration of the loan was improper. Nonetheless, the Defendants published false information on the dates as noted above in the newspaper to the general public regarding Truitt being in default on the loan when he was not. This false information regarding the improper default and acceleration was also published on the internet and widely available to the general public. Furthermore, said false and

3

inaccurate information related to Truitt's alleged default was reported to the national credit bureaus and Truitt's credit and reputation were damaged as a result of the reporting of the foreclosure sale date and default which was invalid and wrongful. Truitt was approached by several members of the public regarding the foreclosure sale of his home who advised him that they had either seen the sale advertised on the internet or in the newspaper. Furthermore, several of his neighbors approached him regarding the sale causing him to suffer embarrassment and ridicule. Moreover, Truitt's business relationships suffered for the publication of this false information. Several of his clients questioned him regarding the sale notice published in the newspaper and his reputation suffered as a result of these false publications. In addition, Truitt suffered a loss of income from the loss of some business clients due to the damage to his reputation from the publication of the false information in the newspaper regarding the default and foreclosure sale.

13. Truitt, upon information and belief, contends that the alleged Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case. New South Federal Savings Bank allegedly assigned, sold, or transferred the loan to several different entities, including but not limited to NewRez and Shellpoint. Shellpoint is purportedly the present servicer of the loan on behalf of NEWREZ LLC. The Defendants provided further false information published in the newspaper when it was published that the Defendants were the owner of this loan and had power to foreclose. NEWREZ has no proper assignment of the note or mortgage and has no power to conduct a foreclosure sale.

14. Truitt contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between Truitt and the owners of the note and mortgage. Furthermore, Truitt alleges that he was not behind in his payments on the mortgage and that he was improperly defaulted and that the note was improperly accelerated. Again, this false information was published in the newspaper and on the internet.

15. Truitt contends that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on his property.

4

16. Truitt alleges that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

17. On August 31, 2021, Shellpoint mortgage and Truitt entered into a loan modification agreement which was prepared by Shellpoint. At the time the loan modification was purportedly executed, Plaintiff had an interest in the property. Roger Truitt did not execute a loan modification with Shellpoint or anyone else on August 31, 2021. In fact, had no knowledge of it. No one obtained her permission to execute a mortgage on the property or place any lien against his property. He was unaware of the loan purportedly taken out by the co-owner of the property, his now deceased wife, Latoya Truitt. Moreover, the signatures purporting to be for Roger Truitt on the mortgage loan modification are forged. Roger Truitt never signed the mortgage loan modification related to this property.

18. The Mortgage Loan Modification were not signed, authorized, or executed by Roger Truitt. The Mortgage document is a forged instrument. Roger Truitt never signed, executed, or authorized said loan modification. Roger Truitt never signed anything related to this purported fraudulent mortgage loan modification.

19. Moreover, Plaintiff, Roger Truitt, never appeared before any notary named Stephanie Harris to sign said documents. She has never notarized any documents of any kind for Plaintiff. The notary apparently notarized the fraudulent and forged documents in this case.[1] Furthermore, Defendant Harris failed to follow state law and notary procedures in notarizing the forged documents by failing to obtain proper identification. Harris certified that Roger Truitt appeared before her which was completely false and certified that Roger Truitt signed the documents which was also false. Despite the notary swearing that she met with and verified the identity and signature of the Plaintiff, the notary lied and falsified the document. The Defendant Harris' acts were either negligent, reckless, or intentional in her failing to follow her duties as a notary and obtaining proper identification

---

[1] The primary responsibility of a notary public is to validate that the individual parties to a contract are who they claim to be. The State may suffer a loss if the notary fails to properly confirm the identity of the parties. §36-20-71, Code of Ala. 1975. The notary obviously failed in her primary responsibility.

of the person signing the mortgage documents who apparently posed as the Plaintiff. Had Harris done her due diligence and not been negligent or reckless, the forgery would have not occurred, and the Plaintiff would not have been damaged but for Harris' misconduct.

20. Harris is bonded as a Notary by the State of Alabama her employer. As such the State of Alabama, is responsible for the actions of its insured, Stephanie Harris to whom it provided a notary bond. The State of Alabama Merchants is liable to the Plaintiff up to at least the full amount of the notary bond in question. The State of Alabama is the bonding company for the Notary, Defendant Stephanie Harris. The State of Alabama also provides the insurance for the Notary, Stephanie Harris.

21. Stephanie Harris is also personally liable for all damages which Plaintiff has suffered as Harris either negligently, recklessly, intentionally and/or knowingly notarized a forged mortgage document at issue in this case.

22. Harris also acted as an agent of Mortgage Company, Shellpoint[2] which prepared the loan modification documents. As such, Shellpoint is liable and responsible for the acts of its agent Harris. Shellpoint and/ or its agents conspired in and participated in this fraud and recorded that forged mortgage documents despite knowing that the mortgage loan modification was forged and fraudulent. The Notary was also acting as an agent for Shellpoint since it contacted the notary and sent her to obtain signatures on the loan documents that it had prepared.

23. Truitt alleges that the actions of Defendants by improperly attempting foreclosure on his property is a violation of law, wrongful and tortious and that the Defendant had no authority to foreclose on his home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.

24. As a direct result of the acts complained of, Truitt has suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

---

[2] The loan modification document states that Shellpoint is DBA for NewRez.

6

## COUNT ONE
## NEGLIGENCE

25. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

26. Defendant negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused his property insurance to be canceled, negligently defaulted the Plaintiff, negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of Plaintiff's loan account and failing to remove the adverse reporting from Plaintiff's credit once he disputed the same.

27. As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

28. As a result, thereof, the Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO
## WANTONNESS

29. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

30. The Defendant acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiff, caused his

7

property insurance to be canceled, defaulted the Defendant, attempted to conduct a foreclosure sale on Plaintiff's property, failed to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of Truitt's loan account and failing to remove the adverse reporting from Truitt's credit once he disputed the same.

31. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendant.

32. The Defendant knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

33. As a proximate result of the Defendant's wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

34. As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT THREE
## UNJUST ENRICHMENT

35. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

36. The actions of the Defendant in attempting foreclosure on the home of the Plaintiff in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

37. As a result of the Defendant's unjust enrichment, the Plaintiff has been injured and damaged in that the Plaintiff has been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendant.

38. The Plaintiff claim all damages allowable under law as a result of the Defendant's wrongful conduct and unjust enrichment.

## COUNT FOUR
## WRONGFUL FORECLOSURE

39. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40. Defendant wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff in violation of law.

41. The attempted foreclosure proceeding by the Defendant was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as the plaintiff was current on the debt at the time of the default and acceleration.

42. As a result, thereof, the Defendant is liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
## SLANDER OF TITLE

43. The Plaintiff re-alleges all paragraphs as if set out here in full.

44. Defendant, in attempting foreclosure has caused a cloud to be placed on the title of the property of the Plaintiff.

45. As the proximate cause of the Defendant's said slandering of the Plaintiff's title, he was caused to suffer injuries and damages and claims all damages allowable under law.

9

## COUNT SIX
## BREACH OF CONTRACT

46. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

47. The Plaintiff and his Lender, New South Federal Savings Bank, entered into the standard Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

48. The Defendants serviced the loan and breached the agreement by failing to comply with essential terms  regarding the application of payment and the notice requirements of the agreement.

49. As a result of the defendant's breach of the mortgage contract, the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

50. That the terms of the agreement entered into between Plaintiff and New South Federal Savings Bank detail the application of payments.  That, as more fully described above, Defendants failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note and mortgage.   More specifically, Defendants never applied some payments at all to Truitt's account even though Truitt sent in the payment, and it was deposited by Defendants. Apparently, Defendants have misplaced or is unable to account for the funds from payments made or sent by Truitt.  Moreover, numerous other payments made by Truitt were returned to him by Defendants without Truitt or without explanation.  More specifically, for example, in October 2023, Truitt's payment was returned to him without explanation. Moreover, his May 2023 payment was cashed but never properly applied to his account.  In addition, several other payments were misapplied or not properly accounted for.  Furthermore, in September 2023 and October 2023 unauthorized late fees, and other charges were improperly added to his account.

51. That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles Truitt to damages.

52. In addition, Defendants failed to send proper notices to Truitt as required by the mortgage contract. Even if Truitt is in default, Defendants failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration.   The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument….

Accordingly, Defendants failed to comply with this provision of the mortgage contract and has therefore breached the contract.

53. Moreover, the mortgage document gives the Plaintiff the right to bring an action to dispute the existence of a default and raise defenses thereto. Accordingly, the Plaintiff exercises his right pursuant to the mortgage document and hereby challenges the existence of a default on his mortgage indebtedness.  As previously, discussed, the Plaintiff is not in default, has made payments every month as required by the mortgage and note and is not behind on his mortgage payments.

## **COUNT SEVEN**
### **FRAUD**

54. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

55. On August 31, 2021, Shellpoint mortgage and Truitt entered into a loan modification agreement which was prepared by Shellpoint. At the time the loan modification was purportedly executed, Plaintiff had an interest in the property. Roger Truitt did not execute a loan modification with Shellpoint or anyone else on August 31, 2021. In fact, had no knowledge of it. No one obtained her permission to execute a mortgage on the property or place any lien against his property. He was unaware of the loan purportedly taken out by the co-owner of the property, his now deceased wife, Latoya Truitt. Moreover, the signatures purporting to be for Roger Truitt on the mortgage loan modification are forged. Roger Truitt never signed the mortgage loan modification related to this property.

56. The Mortgage Loan Modification were not signed, authorized, or executed by Roger Truitt. The Mortgage document is a forged instrument. Roger Truitt never signed, executed, or authorized said loan modification. Roger Truitt never signed anything related to this purported fraudulent mortgage loan modification.

57. Moreover, Plaintiff, Roger Truitt, never appeared before any notary named Stephanie Harris to sign said documents. She has never notarized any documents of any kind for Plaintiff. The notary apparently notarized the fraudulent and forged documents in this case.[3] Furthermore, Defendant Harris failed to follow state law and notary procedures in notarizing the forged documents by failing to obtain proper identification. Harris certified that Roger Truitt appeared before her which was completely false and certified that Roger Truitt signed the documents which was also false. Despite the notary swearing that she met with and verified the identity and signature of the Plaintiff, the notary lied and falsified the document. The Defendant Harris' acts were either negligent, reckless, or intentional in her failing to follow her duties as a notary and obtaining proper identification of the person signing the mortgage documents who apparently posed as the Plaintiff. Had Harris done her due diligence and not been negligent or reckless, the forgery would have not occurred, and the Plaintiff would not have been damaged but for Harris' misconduct.

---

[3] The primary responsibility of a notary public is to validate that the individual parties to a contract are who they claim to be. The State may suffer a loss if the notary fails to properly confirm the identity of the parties. §36-20-71, Code of Ala. 1975. The notary obviously failed in her primary responsibility.

12

58. Harris is bonded as a Notary by the State of Alabama her employer. As such the State of Alabama, is responsible for the actions of its insured, Stephanie Harris to whom it provided a notary bond. The State of Alabama Merchants is liable to the Plaintiff up to at least the full amount of the notary bond in question. The State of Alabama is the bonding company for the Notary, Defendant Stephanie Harris. The State of Alabama also provides the insurance for the Notary, Stephanie Harris.

59. Stephanie Harris is also personally liable for all damages which Plaintiff has suffered as Harris either negligently, recklessly, intentionally and/or knowingly notarized a forged mortgage document at issue in this case.

60. Harris also acted as an agent of Mortgage Company, Shellpoint[4] which prepared the loan modification documents. As such, Shellpoint is liable and responsible for the acts of its agent Harris. Shellpoint and/ or its agents conspired in and participated in this fraud and recorded that forged mortgage documents despite knowing that the mortgage loan modification was forged and fraudulent. The Notary was also acting as an agent for Shellpoint since it contacted the notary and sent her to obtain signatures on the loan documents that it had prepared.

61. Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiff to act thereon and upon which the Plaintiffs did in fact act to his detriment.

62. Plaintiff justifiably relied upon said representations made by Defendant and as a result of said reliance proceeded with the execution of the loan; at the time said representations were made the same were false and known by the Defendant to be false and/or were false and made by mistake with the intent for Plaintiff to rely thereon.

63. As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendant, Plaintiff was proximately caused to suffer injury and damage.

---

[4] The loan modification document states that Shellpoint is DBA for NewRez.

## COUNT EIGHT
## PLACED IN A FALSE LIGHT

64. Plaintiff adopts the above paragraphs as if fully set forth herein.

65. In association with the servicing of the loan account Defendants held Truitt up in a false light and made undesirable and negative character and credit reputation remarks on or about the Truitt by either speaking or writing undesirable and negative character and reputation remarks about Truitt which was offensive, untrue, and inaccurate, and which alleged Truitt was behind on his debt serviced by Defendants, has a bad debt with Defendants.

66. Defendants knew Truitt was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Truitt.  Defendants knew this at the times they were reporting such information.

67. Defendants held Truitt up in a false light and made undesirable and negative and credit reputation remarks on or about Truitt in the national credit reporting media and to his homeowner insurance carrier. Defendants provided this false information to third parties.

68. The conduct Defendants was objectionable to Truitt and to any reasonable person.  Defendants' actions were willful, reckless, wanton and/or made with malice and resulted in Truitt being unreasonably placed in a false light.

69. Due to Defendants' conduct, Truitt was caused to have negative credit reports, denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, Truitt Prays for Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT NINE
## DEFAMATION, LIBEL, SLANDER

70. Plaintiff adopts the above paragraphs as if fully set forth herein.

71. The Defendants, willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation. As previously stated, the Plaintiff was current on his mortgage account and has made payments each and every month. Accordingly, he was not in default. Despite Truitt's account being current, Defendants published in the newspaper false information regarding his account being in default and false information regarding its right to conduct a foreclosure sale on Truitt's property.

72. Said false and defamatory statements have harmed the reputation of Truitt and/or deterred third persons from associating with Truitt. Truitt also lost customer and clients in his business as a result of the published false information.

73. The Defendant communicated to credit reporting agencies and/or other third parties, false information that Truitt defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning Truitt.

74. Defendants published such defamatory and libelous information in the Montgomery Advertiser newspaper and on the internet.

75. Said communications were false in that Plaintiff was not indebted to the Defendant in the amount reported, and Plaintiff was not delinquent as reported by the Defendant, and Plaintiff is the legal and rightful owner of the mortgage note. Moreover, Defendants NewRez and Shellpoint are not the owner of the mortgage loan and had no authority to foreclose on the property as was published in the newspaper and on the internet.

76. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded

15

the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

77. As a result of the intentional communication to third parties of false information, Truitt was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

78. Said communications were oral and/or written.

79. As a proximate consequence of Defendants' acts, Truitt was caused to be injured and damaged.

80. Defendants published such defamatory and libelous information. Defendants knew Truitt was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Truitt. Defendants knew this at the times they were reporting such information. Furthermore, Defendants published in the local newspaper in Montgomery County Alabama the false information of the default on the loan in the foreclosure sale notice. This foreclosure sale notice states that Truitt's loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed Truitt's reputation and character. As a result, Truitt suffered damages of his reputation which negatively affected his credit and his business causing monetary losses.

81. Said communications were false in that Plaintiff were not indebted to the Defendant in the amount reported, Plaintiff was not delinquent as reported by the Defendant, and Defendant is not the legal and rightful owner of the mortgage note.

82. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

83. As a result of the intentional communication to third parties of false information, Truitt was caused to suffer injury to his reputation in the eyes of the community.

## <u>COUNT TEN:</u>
## <u>VIOLATIONS OF TRUTH IN LENDING</u>:

84. Truitt re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

85. Defendants NEWREZ and Shellpoint violated the Federal Truth in Lending Act.

86. Truitt institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendant for multiple violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

87. This complaint is solely for monetary damages pursuant to 15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

88. Defendant, is a covered by the Act as it regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

89. Defendant did not provide a proper copy of the notices required by the Act to Truitt.  The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z  in the following and other respects:  (a). By failing to provide  the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).  (b). By

failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a). (c). By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to the attorney fees and late fees, 15 U.S.C. § 1605(a), Regulation Z§ 226.4(a).

90. The regulations require that the notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:

The retention or acquisition of a security interest in the consumer's principal dwelling. The consumer's right to rescind, as described in paragraph (a)(1) of this section. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business. The effects of rescission, as described in paragraph (d) of this section. The date the rescission period expires. (See Reg. Z §§ 226.15(b)(5) and 226.23(b).

91. By charging "attorney fees" and other "fees" not authorized by the mortgage contract, Defendants has made unauthorized charges and failed to disclose these charges in violation of the Act. In this case, Defendants added fees to Truitt's account in August 2023, September 2023, October 2023, and November 2023 which are referenced in the notice of default and acceleration. Moreover, once the account was turned over to the attorney for foreclosure in December 2023, additional fees were improperly added to the account. Each time the sale was published in the newspaper up to and including February 2024, Defendants added additional and unauthorized fees to Truitt's account balance.

92. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

93. That Defendant has been improperly amortizing the loan and has failed to provide proper disclosures to Truitt. Defendant failed to send proper monthly statements to Truitt in violation of the Act.

94. By Truitt of the aforesaid violations of the Act and Regulation Z, Defendant is liable to Truitt in the amount of twice the finance charge, actual damages to be established at trial, and attorney's fees and costs in accordance with 15U.S.C. § 1640 for violations of Federal Truth in Lending Act.

## COUNT ELEVEN:
## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA):

95. Truitt re-alleges and adopts the above paragraphs as if fully set forth herein and asserts the following:

96. Defendants, NEWREZ and Shellpoint  violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or properly respond to Truitt's Qualified Written Requests (QWR).  Defendant violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Truitt's Qualified Written Request (QWR) within in the time provided by federal law.

97. Truitt made a Qualified Written Requests and Notice of Errors pursuant to RESPA to Defendant on July 22, 2024, which was sent NewRez and Shellpoint as well as its attorney.  Defendant never acknowledged receipt of the QWR requests and never responded to it.   Defendant's failure to acknowledge and respond to the QWR requests is a violation of RESPA and/or the Dodd Frank Act.  Because of said violations of said acts, Truitt was damaged because he was not informed of the information regarding his loan.  Because the bank failed to give this information to Truitt was not able to stop the foreclosure proceedings on his home.  He had to hire an attorney to stop the foreclosure sale and incurred attorney fees and expenses exceeding $3,000.00 to stop the foreclosure on his home. Ultimately, Truitt had to file a lawsuit which cost more money and expenses due to the court filing fees and more attorney fees.  Moreover,

since this foreclosure process went on for several months, Truitt lost business clients, and his income suffered. Furthermore, it effected his standing and reputation in the community which suffered because of this process not being properly addressed by NewRez and Shellpoint . This resulted in Truitt suffering extreme mental anguish. Accordingly, Truitt is entitled to damages from NewRez and Shellpoint. Plaintiff suffered damages by Defendants' failure to comply with the RESPA law because he was unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT TWELVE

## FAIR CREDIT REPORTING ACT

98. Truitt re-alleges and adopts the above paragraphs as if fully set forth herein and asserts the following.

99. Truitt disputed the account and false credit reporting. A defendant was inaccurately reporting that Truitt was delinquent in his mortgage loan and in Default. Truitt repeatedly contacted Defendants from April 2023 until December 2024, and informed Defendant regarding ITS INACCURATE REPORTING. Moreover, Truitt contacted the credit national bureaus and informed them of the inaccurate information and disputed same. The credit bureaus contacted the Defendants and notified them of said dispute but Defendants failed to investigate, respond or correct said inaccurate reporting. Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure. Truitt sent letters to all the credit Bureaus asking that the inaccurate information be investigated and corrected. Truitt also sent to NewRez and Shellpoint asking that the inaccurate information be investigated, reviewed, updated, and corrected.

100. Despite receipt of the dispute, defendant NewRez and Shellpoint failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to

the consumer reporting agencies in violation of their duties as a furnisher of credit.

101.  According to the national consumer reporting agencies' reports the defendants falsely reported about plaintiff's disputed debt.

102.  Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable investigation and by failing to supply accurate and truthful information.

103.  Rather, defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

104.  Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiff.

105.  Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

106.  As a proximate result of the Defendants' fraudulent conduct the Plaintiff has been injured and damaged.

107.  Defendants' violations and false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages including suffering from extreme mental anguish.

108.  Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims    asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

21

109.   WHEREFORE PLAINTIFF, PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants. 1) That there be Judgment in favor of Plaintiff and against Defendants, for all damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

## COUNT THIRTEEN

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

110.   Truitt re-incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

111.   The acts and omissions of NewRez and Shellpoint as more specifically stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to Truitt. As a result of the Defendant's violations of the FDCPA, the Truitt are entitled to actual damages pursuant to 15 U.S.C. § 1692k (a) (1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k (a) (2) (A); and reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k (a) (3), from defendants. Defendants are subject to the act because as previously stated, it began servicing this loan while the Defendant was in default or past due with his payments.

112.   Within the last 12 months, Defendant attempted to collect amounts not owed under the mortgage contract.  Within the last 12 months, Defendant sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1).  Within the last 12 months, Defendants threatened legal action that was either not permitted or not actually contemplated in violation of the Act §1692 (e).  Within the last 12 months, Defendants communicated with third parties: revealing or discussing the nature of debts with third parties in violation of the Act §1692 c.  Defendants within the last 12 months, failed to identify themselves and notify the Truitt in every communication, that the communication was from a debt collector in violation of the Act §1692e(11).   Within the last 12 months Defendants falsely stated the amount of the debt owed in violation of §1692e2a.

113.   Defendant violated the law and contract by refusing to properly process Plaintiff's payments and by refusing to speak truthfully with Plaintiff about his options.  Plaintiff disputed the actions of NewRez and Shellpoint  have claimed that Plaintiff is in default when he is not, and NewRez and Shellpoint threatened foreclosure.  NewRez and Shellpoint violated 12 C.F.R 1024.35 which governs the error resolution procedures with servicers, as NewRez and Shellpoint lacked a bona basis to impose fees and attempt to collect them from the Plaintiff and failed to properly investigate the errors to Plaintiff's account. NewRez and Shellpoint violated 12 C.F.R. §1026.36(c) (1) which imposes a duty to promptly credit payments.  These actions violate the federal law between servicers and borrowers.

114.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA, including, but not limited to 15 U.S.C. § 1692d, 1692e, 1692e (2), 1692e (4), 1692e (5), 1692e (8), 1692e (10), 1692e (11), 1692f, 1692f (1), 1692f (6), and 1692g.

## COUNT FOURTEEN:
## CLAIM FOR DECLARATORY RELIEF:

115.  Truitt re-alleges and adopts the above paragraphs as if fully set forth herein and asserts the following:

116.   Defendants breached the contract with Truitt by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application.  Defendants never sent Truitt the required notices and failed to properly apply his payments.

117.   As a result, Truitt is entitled to the following declaratory relief:  (1) An Order declaring that he is not in default of his mortgage agreement and declaring the notice of default is null and void.  (2) An order declaring that Defendants has no right or authority to foreclose on Truitt's property.  (3) An Order prohibiting Defendants from foreclosing on Truitt's property.

**PLAINTIFF (TRUITT) DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants, he respectfully prays of the Court as follows:

a.   That the Plaintiff have and recover against the Defendants, a sum to be determined by this Court peers in the form of actual damages.

b.   That the Plaintiff have and recover against the Defendant Defendants  a sum to be determined by this Court in the form of compensatory and punitive damages.

c.   That Plaintiff, Truitt, be awarded attorney fees and court cost.

d.   That the Plaintiff have such other and further and proper relief as the Court may deem just and proper:

RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
LAY  LAW  LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 776-2051
Fax:(205) 776-2040
Attorney for Plaintiff



AlaFile E-Notice

03-CV-2025-900646.00

To:   Law offices Kenneth Lay
      kenneth.j.lay@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following complaint was FILED on 4/30/2025 4:05:03 PM

Notice Date:      4/30/2025 4:05:03 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



USPS CERTIFIED MAIL

9214 8901 7301 4103 2500 0397 01

03-CV-2025-900646.00

To: NEWREZ LLC
C/O CORPORATION SERVICE
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**ROGER S. TRUITT V. NEWREZ LLC ET AL**
**03-CV-2025-900646.00**

The following complaint was FILED on 4/30/2025 4:05:03 PM

Notice Date:     4/30/2025 4:05:03 PM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104



*251 S. LAWRENCE STREET*
*MONTGOMERY, AL, 36104*

9214 8901 7301 4103 2500 0397 18

03-CV-2025-900646.00

To: SHELLPOINT MORTGAGE SERVICING
75 BEATTIE PLACE
SUITE 300
GREENVILLE, SC 29601

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### ROGER S. TRUITT V. NEWREZ LLC ET AL
### 03-CV-2025-900646.00

The following complaint was FILED on 4/30/2025 4:05:03 PM

Notice Date:     4/30/2025 4:05:03 PM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To:   STEPHINE HARRIS
      C/O ALABAMA DEPT REVENUE
      2545 TAYLOR ROAD
      MONTGOMERY, AL, 36117

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following complaint was FILED on 4/30/2025 4:05:03 PM

Notice Date:     4/30/2025 4:05:03 PM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2025-900646.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### ROGER S. TRUITT V. NEWREZ LLC ET AL

**NOTICE TO:**  NEWREZ LLC, C/O CORPORATION SERVICE 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Law offices Kenneth Lay                                                                                                                                ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1117 22nd Street South, Birmingham, AL 35205                                                           .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     ROGER S. TRUITT
pursuant to the Alabama Rules of the Civil Procedure.                                                          *(Name(s))*

| 04/30/2025 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Law offices Kenneth Lay

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐  Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐  I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*           *(Name of County)*                           *(Date)*

Document left:

☐     with above-named Defendant;

☐     with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐     at the above-named Defendant's dwelling house or place or usual place of abode with some
person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐  I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*           *(Name of County)*                           *(Date)*

☐     the above-named Defendant;

☐     an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐  As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2025-900646.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## ROGER S. TRUITT V. NEWREZ LLC ET AL

**NOTICE TO:** SHELLPOINT MORTGAGE SERVICING, 75 BEATTIE PLACE SUITE 300, GREENVILLE, SC 29601

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Law offices Kenneth Lay

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1117 22nd Street South, Birmingham, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

ROGER S. TRUITT
*[Name(s)]*

| 04/30/2025 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Law offices Kenneth Lay

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*          *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>**Form C-34  Rev. 7/2023** | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2025-900646.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### ROGER S. TRUITT V. NEWREZ LLC ET AL

**NOTICE TO:** STEPHINE HARRIS, C/O ALABAMA DEPT REVENUE 2545 TAYLOR ROAD, MONTGOMERY, AL 36117

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), Law offices Kenneth Lay ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1117 22nd Street South, Birmingham, AL 35205 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

_____

*[Name(s)]*

| 04/30/2025 | /s/ GINA J. ISHMAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

_____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)* ____ *(Name of County)* ____ *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)* ____ *(Name of County)* ____ *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____  _____  _____
*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

_____  _____
*(Badge or Precinct Number of Sheriff or Constable)*  *(Server's Printed Name)*

_____  _____
*(Badge or Precinct Number of Sheriff or Constable)*  *(Telephone Number of Designated Process Server)*

**UNITED STATES POSTAL SERVICE**

May 6, 2025

Dear Circuit Clerk:

| UJS Information |
|---|
| Case Number: 03-CV-2025-900646.00    Intended Recipient: |
| Document Type: Complaint    NEWREZ LLC (D001) |
| Restricted Delivery Requested: No    C/O CORPORATION SERVICE |

Intended Recipient:
  NEWREZ LLC  (D001)
C/O CORPORATION SERVICE
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4103 2500 0397 01**.

---

### Item Details

| | |
|---|---|
| **Status:** | Delivered to Agent, Left with Individual |
| **Status Date / Time:** | May 6, 2025, 1:36 pm |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

---

### Recipient Signature

Signature of Recipient:
(Authorized Agent)

*Shellie White*

Address of Recipient:

*641 S. Lawrence St.*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

03-CV-2025-900646.00

Judge: J. R. GAINES

To:   LAY KENNETH JAMES
       kenneth.j.lay@gmail.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following matter was served on 5/6/2025

**D001 NEWREZ LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

Judge: J. R. GAINES

To:  NEWREZ LLC (PRO SE)
     C/O CORPORATION SERVICE
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following matter was served on 5/6/2025

**D001 NEWREZ LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

Judge: J. R. GAINES

To:  SHELLPOINT MORTGAGE SERVICING (PRO SE)
75 BEATTIE PLACE
SUITE 300
GREENVILLE, SC, 29601-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following matter was served on 5/6/2025

**D001 NEWREZ LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

Judge: J. R. GAINES

To:  HARRIS STEPHINE (PRO SE)
C/O ALABAMA DEPT REVENUE
2545 TAYLOR ROAD
MONTGOMERY, AL, 36117-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following matter was served on 5/6/2025

**D001 NEWREZ LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

**UNITED STATES POSTAL SERVICE**

May 9, 2025

Dear Circuit Clerk:

| UJS Information |
|---|
| Case Number: 03-CV-2025-900646.00 |
| Document Type: Complaint |
| Restricted Delivery Requested: No |

Intended Recipient:
 SHELLPOINT MORTGAGE SERVICING  (D002)
75 BEATTIE PLACE
SUITE 300
GREENVILLE, SC 29601

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4103 2500 0397 18**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | May 9, 2025, 11:35 am |
| **Location:** | GREENVILLE, SC 29601 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



ELECTRONICALLY FILED
5/19/2025 1:47 PM
03-CV-2025-900646.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
## CIVIL DIVISION

**ROGER S. TRUITT**              )
                                 )
                                 )
**v.**                           )      **Case No.:    03-CV-2025-900646.00**
                                 )
**NEWREZ LLC ET AL,**            )
                                 )
*Defendant.*                     )

### NOTICE OF APPEARANCE

**COMES NOW** Joseph Mitchell McGuire and hereby gives his Notice of Appearance as counsel representing **NEWREZ LLC ET AL,** Defendant, in the above-styled case.

Respectfully submitted this 19th day of May 2025.

*/s/ Joseph Mitchell McGuire*
Joseph Mitchell McGuire (MCG044)
*McGuire & Associates, LLC*
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000 (office)
334-517-1327 (fax)
jmcguire@mandabusinesslaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

On May 19, 2025, I electronically filed a copy of this notice via AlaFile, which will send a copy to all counsel of record.

*/s/ Joseph Mitch McGuire*



AlaFile E-Notice

03-CV-2025-900646.00

To:  MITCH MCGUIRE
     jmcguire@mandabusinesslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following NOTICE OF APPEARANCE was FILED on 5/19/2025 1:47:34 PM

Notice Date:     5/19/2025 1:47:34 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To: NEWREZ LLC (PRO SE)
C/O CORPORATION SERVICE
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following NOTICE OF APPEARANCE was FILED on 5/19/2025 1:47:34 PM

Notice Date:    5/19/2025 1:47:34 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To:  SHELLPOINT MORTGAGE SERVICING (PRO SE)
75 BEATTIE PLACE
SUITE 300
GREENVILLE, SC, 29601-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following NOTICE OF APPEARANCE was FILED on 5/19/2025 1:47:34 PM

Notice Date:     5/19/2025 1:47:34 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To:  HARRIS STEPHINE (PRO SE)
     C/O ALABAMA DEPT REVENUE
     2545 TAYLOR ROAD
     MONTGOMERY, AL, 36117-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following NOTICE OF APPEARANCE was FILED on 5/19/2025 1:47:34 PM

Notice Date:     5/19/2025 1:47:34 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To:  LAY KENNETH JAMES
       kenneth.j.lay@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following NOTICE OF APPEARANCE was FILED on 5/19/2025 1:47:34 PM

Notice Date:     5/19/2025 1:47:34 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260


ELECTRONICALLY FILED
5/29/2025 8:58 AM
03-CV-2025-900646.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**ROGER S. TRUITT,**            *
                               *
*Plaintiff*                    *
                               *
**v.**                         *       **CASE NO:   03-CV-2025-900646.00**
                               *
**NEWREZ LLC, et al.,**        *
                               *
*Defendants*.                  *

## ANSWER OF DEFENDANTS

**COMES NOW**, Defendant Stephanie Harris (hereafter, "Defendant"), in Answer to the Plaintiff's Complaint and states as follows:

1.     Defendant is without adequate knowledge to admit or deny the allegations in paragraph 2 and thus, the allegations are denied.

2.     Defendant is without adequate knowledge to admit or deny the allegations in paragraph 2 and thus, the allegations are denied.

3.     Defendant is without adequate knowledge to admit or deny the allegations in paragraph 3 and thus, the allegations are denied.

4.     Defendant admits the allegations in paragraph 4.

5.     Defendant denies the allegations in paragraph 5.

6.     Defendant denies the averments of Paragraph 6 and demands strict proof thereof.

7.     Defendant denies the averments of Paragraph 7 and demands strict proof thereof.

8.     Defendant is without adequate knowledge to admit or deny the allegations in

paragraph 8 and thus, the allegations are denied.

9.    Defendant is without adequate knowledge to admit or deny the allegations in paragraph 9 and thus, the allegations are denied.

10.    Defendant is without adequate knowledge to admit or deny the allegations in paragraph 10 and thus, the allegations are denied.

11.    Defendant denies the averments of Paragraph 11 and demands strict proof thereof.

12.    Defendant denies the averments of Paragraph 12 and demands strict proof thereof.

13.    Defendant denies the averments of Paragraph 13 and demands strict proof thereof.

14.    Defendant denies the averments of Paragraph 14 and demands strict proof thereof.

15.    Defendant denies the averments of Paragraph 15 and demands strict proof thereof.

16.    Defendant denies the averments of Paragraph 16 and demands strict proof thereof.

17.    Defendant denies the averments of Paragraph 17 and demands strict proof thereof.

18.    Defendant denies the averments of Paragraph 18 and demands strict proof thereof.

19.    Defendant denies the averments of Paragraph 19 and demands strict proof

thereof.

20.    Defendant denies the averments of Paragraph 20 and demands strict proof thereof.

21.    Defendant denies the averments of Paragraph 21 and demands strict proof thereof.

22.    Defendant denies the averments of Paragraph 22 and demands strict proof thereof.

23.    Defendant denies the averments of Paragraph 23 and demands strict proof thereof.

24.    Defendant denies the averments of Paragraph 24 and demands strict proof thereof.

25.    Defendant adopts and incorporates its Answer to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Defendant denies the averments of Paragraph 25 and demands strict proof thereof.

27.    Defendant denies the averments of Paragraph 26 and demands strict proof thereof.

28.    Defendant denies the averments of Paragraph 27 and demands strict proof thereof.

29.    Defendant denies the averments of Paragraph 28 and demands strict proof thereof.

30.    Defendant adopts and incorporates its Answers to all previous paragraphs of

the Complaint as if fully set forth herein.

31.    Defendant denies the averments of Paragraph 29 and demands strict proof thereof.

32.    Defendant denies the averments of Paragraph 30 and demands strict proof thereof.

33.    Defendant denies the averments of Paragraph 31 and demands strict proof thereof.

34.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

35.    Defendant denies the averments of Paragraph 35 and demands strict proof thereof.

36.    Defendant denies the averments of Paragraph 36 and demands strict proof thereof.

37.    Defendant denies the averments of Paragraph 37 and demands strict proof thereof.

38.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

39.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

40.    Defendant denies the averments of Paragraph 40 and demands strict proof thereof.

41.    Defendant denies the averments of Paragraph 41 and demands strict proof

thereof.

42.     Defendant denies the averments of Paragraph 42 and demands strict proof thereof.

43.     Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

44.     Defendant denies the averments of Paragraph 44 and demands strict proof thereof.

45.     Defendant denies the averments of Paragraph 45 and demands strict proof thereof.

46.     Defendant denies the averments of Paragraph 46 and demands strict proof thereof.

47.     Defendant denies the averments of Paragraph 47 and demands strict proof thereof.

48.     Defendant denies the averments of Paragraph 48 and demands strict proof thereof.

49.     Defendant denies the averments of Paragraph 49 and demands strict proof thereof.

50.     Defendant denies the averments of Paragraph 50 and demands strict proof thereof.

51.     Defendant denies the averments of Paragraph 51 and demands strict proof thereof.

52.     Defendant denies the averments of Paragraph 52 and demands strict proof

thereof.

53.     Defendant denies the averments of Paragraph 53 and demands strict proof thereof.

54.     Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

55.     Defendant denies the averments of Paragraph 55 and demands strict proof thereof.

56.     Defendant denies the averments of Paragraph 56 and demands strict proof thereof.

57.     Defendant denies the averments of Paragraph 57 and demands strict proof thereof.

58.     Defendant denies the averments of Paragraph 58 and demands strict proof thereof.

59.     Defendant denies the averments of Paragraph 59 and demands strict proof thereof.

60.     Defendant denies the averments of Paragraph 60 and demands strict proof thereof.

61.     Defendant denies the averments of Paragraph 61 and demands strict proof thereof.

62.     Defendant denies the averments of Paragraph 62 and demands strict proof thereof.

63.     Defendant denies the averments of Paragraph 63 and demands strict proof

thereof.

64.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

65.    Defendant denies the averments of Paragraph 65 and demands strict proof thereof.

66.    Defendant denies the averments of Paragraph 66 and demands strict proof thereof.

67.    Defendant denies the averments of Paragraph 67 and demands strict proof thereof.

68.    Defendant denies the averments of Paragraph 68 and demands strict proof thereof.

69.    Defendant denies the averments of Paragraph 69 and demands strict proof thereof.

70.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

71.    Defendant denies the averments of Paragraph 71 and demands strict proof thereof.

72.    Defendant denies the averments of Paragraph 72 and demands strict proof thereof.

73.    Defendant denies the averments of Paragraph 73 and demands strict proof thereof.

74.    Defendant denies the averments of Paragraph 74 and demands strict proof

thereof.

75.   Defendant denies the averments of Paragraph 75 and demands strict proof thereof.

76.   Defendant denies the averments of Paragraph 76 and demands strict proof thereof.

77.   Defendant denies the averments of Paragraph 77 and demands strict proof thereof.

78.   Defendant denies the averments of Paragraph 78 and demands strict proof thereof.

79.   Defendant denies the averments of Paragraph 79 and demands strict proof thereof.

80.   Defendant denies the averments of Paragraph 80 and demands strict proof thereof.

81.   Defendant denies the averments of Paragraph 81 and demands strict proof thereof.

82.   Defendant denies the averments of Paragraph 82 and demands strict proof thereof.

83.   Defendant denies the averments of Paragraph 83 and demands strict proof thereof.

84.   Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

85.   Defendant denies the averments of Paragraph 85 and demands strict proof

thereof.

86.    Defendant denies the averments of Paragraph 86 and demands strict proof thereof.

87.    Defendant denies the averments of Paragraph 87 and demands strict proof thereof.

88.    Defendant denies the averments of Paragraph 88 and demands strict proof thereof.

89.    Defendant denies the averments of Paragraph 89 and demands strict proof thereof.

90.    Defendant denies the averments of Paragraph 90 and demands strict proof thereof.

91.    Defendant denies the averments of Paragraph 91 and demands strict proof thereof.

92.    Defendant denies the averments of Paragraph 92 and demands strict proof thereof.

93.    Defendant denies the averments of Paragraph 93 and demands strict proof thereof.

94.    Defendant denies the averments of Paragraph 94 and demands strict proof thereof.

95.    Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

96.    Defendant denies the averments of Paragraph 96 and demands strict proof

thereof.

97. Defendant denies the averments of Paragraph 97 and demands strict proof thereof.

98. Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

99. Defendant denies the averments of Paragraph 99 and demands strict proof thereof.

100. Defendant denies the averments of Paragraph 100 and demands strict proof thereof.

101. Defendant denies the averments of Paragraph 101 and demands strict proof thereof.

102. Defendant denies the averments of Paragraph 102 and demands strict proof thereof.

103. Defendant denies the averments of Paragraph 103 and demands strict proof thereof.

104. Defendant denies the averments of Paragraph 104 and demands strict proof thereof.

105. Defendant denies the averments of Paragraph 105 and demands strict proof thereof.

106. Defendant denies the averments of Paragraph 106 and demands strict proof thereof.

107. Defendant denies the averments of Paragraph 107 and demands strict proof

thereof.

108.   Defendant denies the averments of Paragraph 109 and demands strict proof thereof.

109.   Defendant denies the averments of Paragraph 109 and demands strict proof thereof.

110.   Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

111.   Defendant denies the averments of Paragraph 111 and demands strict proof thereof.

112.   Defendant denies the averments of Paragraph 112 and demands strict proof thereof.

113.   Defendant denies the averments of Paragraph 113 and demands strict proof thereof.

114.   Defendant denies the averments of Paragraph 114 and demands strict proof thereof.

115.   Defendant adopts and incorporates its Answers to all previous paragraphs of the Complaint as if fully set forth herein.

116.   Defendant denies the averments of Paragraph 114 and demands strict proof thereof.

117.   Defendant denies the averments of Paragraph 114 and demands strict proof thereof.

## **FIRST AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff were caused or contributed to by Plaintiff's own negligence or culpable conduct and Defendant is, therefore, not liable to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom Defendants had no control at any time relevant hereto.

## THIRD AFFIRMATIVE DEFENSE

Defendants at all times conducted itself with reasonable care; Defendants did not create a defective or dangerous condition where the alleged accident occurred; Defendants had no actual or constructive notice of any alleged dangerous or defective condition; Defendants did not have a reasonable time within which to correct any such alleged condition or warn others about its existence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by Defendants or by a person or entity for whom he is responsible.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged damages and on account that Defendant is not liable to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that if the Plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries and/or damages were the result of the culpable conduct of the Plaintiff, and/or the other parties hereto or were the result of the Plaintiff's assumption of risk. Should it be found, however, that Defendants is liable to the Plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the Plaintiff, Defendants and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## EIGHTH AFFIRMATIVE DEFENSE

No causal relationship can be established between any act or omission of Defendants and the injuries claimed by Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

This court does not have jurisdiction over the Defendants who are answering here.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a lack of personal jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for his failure to name and/or join indispensable parties to this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims and causes of action are barred because Plaintiff or Plaintiff's agents have by act or omission, destroyed, lost or spoliated evidence crucial to the defense of the claims asserted in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and prohibiting the imposition of excessive fines.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because such damages are not recoverable or warranted in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages claimed by the Plaintiff would violate the Fifth, Eighth and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the State of Alabama upon the following separate grounds:

a.   An award of punitive damages would violate Defendant's right to due process.

b.   An award of punitive damages would violate the Defendant's rights to equal protection of laws.

c.   An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

d.   An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

e.   The procedure relating to the imposition of such damages improperly fails to provide objective standards limiting the award of, and amount of, punitive damages.

f.   The procedures relating to the imposition of such damages improperly allow the admission of such evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

## **<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claim for punitive damages contravenes this answering defendant's constitutional rights as reserved for a defendant by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the corresponding sections of the Constitution for the State of Alabama, in that punitive damages are penal in nature and tantamount to the imposition of a criminal fine. Further, the guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite, and uncertain

and set no limit on the damages which can be awarded. They furthermore do not apprise these answering defendants of the conduct that will subject it to criminal penalties, expose it to multiple punishment and fines for the same act, and discriminate against these answering defendants on the basis of wealth in that different amounts can be awarded against different defendants for the same act but who differ only in material wealth.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for a jury determination of punitive damages must be disregarded and/or struck; the amount of punitive damages (if any) is not a fact to be "tried" by a jury, and the right to a jury trial is not implicated. The assessment of punitive damages (if any) is for the Court to determine as a matter of law. *Cooper Indus, Inc. v. Leatherman Tool Group, Inc.*, 532

U.S. 424 (2001); *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001); *Acceptance Ins. Co. v. Brown*, 832 SO. 2d (Ala. 2001).

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of the complaint and amended complaint not heretofore responded to.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to supplement their affirmative defenses as discovery in this case progresses.

Respectfully submitted, this 29th day of May, 2025.

_/s/Joseph Mitchell McGuire_
Joseph Mitchell McGuire (MCG044)
31 Clayton Street
Montgomery, Alabama 36104
(334) 517-1000 Office
(334-517-1327 Fax
jmcguire@mandabusinesslaw.com

*Attorney for Defendant Stephanie Harris*

## <u>CERTIFICATE OF SERVICE</u>

On May 29, 2025, I filed the foregoing with the Clerk of the Court via the AlaFile

System which will serve these documents upon all counsel of record.


<u>***/s/Joseph Mitchell McGuire***</u>
Joseph Mitchell McGuire



AlaFile E-Notice

03-CV-2025-900646.00

To:  MITCH MCGUIRE
jmcguire@mandabusinesslaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following answer was FILED on 5/29/2025 8:58:42 AM

Notice Date:      5/29/2025 8:58:42 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2025-900646.00

To:  LAY KENNETH JAMES
     kenneth.j.lay@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROGER S. TRUITT V. NEWREZ LLC ET AL
03-CV-2025-900646.00

The following answer was FILED on 5/29/2025 8:58:42 AM

Notice Date:     5/29/2025 8:58:42 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260